UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D., a minor, by and through her Guardian Ad Litem, Emine Demire; and ALI DEMIR<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1-30,<br><br>Defendants. | Case No.: 22-cv-1124-RBM-BLM<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING *EX PARTE* MOTION TO CONFIRM MINOR'S COMPROMISE**<br><br>[Dkt. Nos. 11, 13] |

Before the Court is Plaintiffs' *Ex Parte* Motion to Confirm Minor's Compromise (the "*Ex Parte* Motion"). Dkt. No. 11. At the Court's request, the parties supplemented the *Ex Parte* Motion (the "Supplemental Submission"). *See* Dkt. No. 13. The undersigned hereby submits this Report and Recommendation to United States District Judge Ruth Bermudez Montenegro pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 17.1 and 72.1. Having reviewed the *Ex Parte* Motion, the Supplemental Submission, the supporting declarations, and the pleadings on file, and for the reasons stated below, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' *Ex Parte* Motion.

///

# I.
# **BACKGROUND**

On May 14, 2020, after completing his shopping at Defendant's store on Morena Boulevard in San Diego, Plaintiff Ali Demir ("Demir") exited the store with his daughter J.D., who was then four years old and was riding in the child seat of the shopping cart. *See* Dkt. No. 1-2 at 6, 8. The two began to "descend a steep ramp to the parking lot," at which time the shopping cart "flipped and fell down forcefully to the ground." *Id.* J.D.'s left femur was fractured during the incident. *Id.* On April 22, 2022, Demir and J.D., through her guardian *ad litem*, sued Defendant, stating causes of action for negligence, premises liability, and products liability. *See generally id*.

On August 1, 2022, Defendant removed the action to this Court. Dkt. No. 1. On September 15, 2022, Defendant answered the Complaint, denying all material allegations and asserting 23 affirmative defenses. *See* Dkt. No. 4. Defendants' defenses included allegations of Plaintiffs' comparative fault, their failure to mitigate their damages, and that the alleged dangerous condition was open and obvious. *See generally id.*

On October 27, 2022, the parties and their counsel participated in an Early Neutral Evaluation before Magistrate Judge Barbara L. Major and reached an agreement to settle the case. *See* Dkt. No. 7. This *Ex Parte* Motion followed.

# II.
# **LEGAL STANDARDS**

District Courts have a duty to safeguard the interests of minors in litigation. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). When parties settle an action involving a minor litigant, the Court must "'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citation omitted); *see also* CivLR 17.1(a) (providing that "[n]o action by or on behalf of a minor or

1 | incompetent will be settled, compromised, voluntarily discontinued, dismissed or
2 | terminated without court order or judgment."). The Court must conduct this inquiry
3 | "even if the settlement has been recommended or negotiated by the minor's parent
4 | or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363.

Where a federal court exercises diversity jurisdiction over the minor plaintiff's state-law claims, the settlement should be evaluated with reference to applicable state law. *See DeRuyver v. Omni La Costa Resort & Spa*, *LLC*, Case No. 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020) (citation omitted). Under California law, a minor's claims may only be compromised "with the approval of the court in which the action is proceeding or pending." Cal. Civ. Pro. § 372.  Recognizing that the Court "generally assumes . . . a role to assure that whatever is done is in the minor's best interests," the Court's "primary concern" in evaluating the compromise of a minor's claims "is whether the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg v. Super. Ct.*, 23 Cal. App. 4th 1378, 1382 (1994).  The Ninth Circuit directs that the court should approve a minor's compromise if the minor's net recovery "is fair and reasonable in light of their claims and average recovery in similar cases." *Robidoux*, 638 F.3d at 1182. Although *Robidoux* applies to settlement of federal claims, the Court nevertheless finds its guidance instructive.

### III.

### DISCUSSION

**A.   The Settlement Is Reasonable and in J.D.'s Best Interests**

As stated in the *Ex Parte* Motion, Plaintiffs have agreed to settle their claims for gross consideration of $5,000, payable in its entirety to J.D.  Dkt. No. 11 at 2; Dkt. No. 13 at 2.  J.D.'s mother and guardian *ad litem*, Emine Demir, has agreed to the settlement and its terms on J.D.'s behalf, believing it to be in J.D.'s best interests. *Id.* at 2; Dkt. No. 13-1 at 2.  The parties propose that the money be held

///

in a blocked account in J.D.'s name, from which no principal or interest can be withdrawn, until J.D. reaches 18 years of age. Dkt. No. 13 at 3.

As alleged in the Complaint and reiterated in the Supplemental Submission, J.D. was injured when a shopping cart pushed by Demir and in which she was riding "flipped and fell down hard," "trapp[ing]" her between the ground and the cart and breaking her leg. *See* Dkt. No. 13 at 2. Plaintiffs report that J.D.'s past medical expenses total $2,971.50 and that she "wear[s] special shoes to accommodate the discrepancy in length" between her right and left legs.[1] *Id.* Whether J.D. will require ongoing care or treatment is unknown. *Id.* Demir, the other plaintiff in the action, has forgone any monetary recovery for his "bystander injuries," choosing instead to allocate the entire settlement to J.D. *Id.* at 3.

The Court's research demonstrates that a $5,000 recovery is within the accepted range of settlements for similar claims and injuries in federal and state courts within this Circuit, particularly where, as here, the minor's past medical expenses are amply covered by the settlement funds and the need for ongoing treatment is not established.[2] Indeed, the Court found several cases in which the

---

[1] Before the matter was removed to this District, Plaintiffs represented that J.D.'s medical expenses were approximately $40,000. *See* Dkt. No. 1-5 at 2. However, during the November 21, 2022 hearing on the *Ex Parte Motion*, plaintiffs' counsel explained that the $40,000 was a "billed" amount and that plaintiffs had since negotiated with the hospital to pay $2,971.50 in satisfaction of that amount. Plaintiffs' counsel also represented that none of J.D.'s care providers has asserted a lien against the settlement funds.

[2] *See, e.g., M.W. v. Safeway, Inc.*, 2019 WL 4511927 (W.D. Wash. Sept. 19, 2019) (approving $12,000 settlement for minor who suffered headaches after being struck in the head by a shopping cart); *N.M.S. pro ami Silveira v. Cty. of Los Angeles et al.*, JVR No. 1501120026 (Cal. Sup. Ct. Mar. 21, 2013) ($11,000 gross settlement for minor who suffered facial laceration on a carnival ride); *C.S. pro ami Randall v. Kroger West d/b/a Ralphs Grocery Stores*, JVR No. 1502180034 (Cal. Sup. Ct. Feb. 18, 2013) ($9,000 gross settlement for minor whose finger was broken due to faulty bathroom stall door); *Pineda vs. Target Corporation*, 18 Trials Digest 15th 18 (N.D. Cal. Aug. 25, 2011) ($4,600 settlement for minor who tripped and was injured when he hit his head on an unattended shopping cart); *Harvey v. Home Depot*, 47 Trials Digest 13th 18 (Cal. Sup. Ct. Aug. 6, 2010) ($4,000 gross settlement for minor who was injured when his father

injured minor recovered nothing at all for similar injuries, particularly where questions of causation and comparative fault were prominent.[3]  Accordingly, the Court finds that a $5,000 gross settlemnt for J.D. is reasonable and adequate to compensate her for the care and treatment of her injuries.

      The Court also finds that the proposed settlement is in J.D.'s best interests. Although the settlement was reached relatively early in the case, it was negotiated in a court-mediated settlement proceeding in which all parties were represented by counsel, who undoubtedly were well-informed as to the strengths and weaknesses of their respective positions.  Further, the settlement obviates the cost and time needed to complete discovery, retain experts, and defend the case against a motion for summary judgment.  As demonstrated by the foregoing review of jury verdicts, even if the case proceeded to trial, there is no way of knowing whether the outcome would have been favorable to plaintiffs.  These risks are well illustrated in the *Garcia* case referenced above, which resulted in no recovery for the minor plaintiff after seven years of litigation in the trial and appellate courts. *See Garcia v. Rehrig Int'l, Inc.*, 99 Cal.App.4th 869, 879 (Cal. Ct. App. 2002) (reversing trial court's order for a new trial and affirming the jury's verdict for

---

fell while pushing a shopping cart in which the minor was riding, causing him to fall to the floor); *Velazquez v. K-Mart Corp.*, 10 Id. Verd. Stlmnt. Rpts. 45 (Id. Dist. Ct. Jan. 4, 2010) ($2,455 for minor plaintiff who suffered hand injury when his finger was caught in a step stool left in the aisle at defendant's store).

[3] *See, e.g., L.D.H. pro ami v. Smith's Food & Drug Centers, Inc.*, JVR No. 2108110025 (Nev. Dist. Ct. Mar. 12, 2021) (verdict for defendant grocery store in case involving alleged head injury and trauma to 17-month-old who fell out of grocery cart when it "tipped over"); *Wiest v Toys R Us-Delaware*, 2011 WL 3420491 (Wash. Sup. Ct. Feb. 2, 2011) (verdict for the defense in personal injury case involving minor who "grabbed the side of [a] shopping cart," causing it to fall on top of her and thereby injuring her finger and leg); *Thorpe pro ami Calzada v. Sav-On Drug Stores Inc. d/b/a American Drug Stores*, JVR No. 501827 (Cal. Sup. Ct. Feb. 1, 2005) (defense verdict where minor plaintiff suffered seizures and headaches after falling out of a grocery cart); *Garcia pro ami Trezza v. Rehrig Int'l Inc.*, JVR No. 403254 (Cal. Sup. Ct. Oct. 1, 2000) (verdict for the defendant shopping cart manufacturer where child fell out of the basket section of a shopping cart and sustained multiple injuries).

defendant). In short, the settlement allows J.D. and her parents to avoid the costs, risks, and time commitment of pursuing the case through discovery and trial, while providing fair and prompt compensation for her injuries. *See Goldberg*, 23 Cal. App. 4th at 1382.

For the above reasons, the Court finds that the settlement is fair, adequate to compensate J.D. for her injuries, and in J.D.'s best interests.

**B.     Attorneys' Fees and Litigation Costs**

In evaluating the proposed settlement, the Court "is empowered to approve and allow payment of reasonable expenses, costs, and attorney fees." *Curtis v. Fagan*, 82 Cal. App. 4th 270, 277 (2000) (citing Cal. Prob. Code. § 3601). Here, the attorneys representing Plaintiffs have waived their fees, *see* Dkt. No. 13-2 at 2, so the Court need not consider whether counsel's fees are reasonable. As to costs, counsel seeks reimbursement of $699.59 in litigation expenses from the settlement funds. Dkt. No. 13 at 5. Counsel represents that this amount is attributable to process server fees, filing fees, and assorted postage and copying costs. *Id.* The Court finds the costs incurred by counsel were reasonable and necessary and should be repaid from the settlement funds.

## IV.
## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court finds the proposed settlement is reasonable and in J.D.'s best interests, and further that the proposed handling of the settlement funds on J.D.'s behalf is also reasonable. The Court also finds that Plaintiffs' counsel's request for reimbursement of $699.59 for necessary litigation costs is fair and reasonable.

///
///
///
///

Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the *Ex Parte* Motion to Approve Minor's Compromise [Doc. No. 42] and further order that:

1. Plaintiffs shall open an interest-bearing, federally insured blocked account in J.D.'s legal name (the "Blocked Account");
2. Not later than 30 days after the date of the District Court's Order granting the Ex Parte Motion, Defendant shall issue a check for $5,000.00 (the "Settlement Funds") payable to the "Gomez Trial Attorneys Trust Account" and shall deliver the Settlement Funds to Plaintiffs' counsel in person or by certified mail;
3. Plaintiffs must voluntarily dismiss the Action within 14 days of receiving the Settlement Funds from Defendant;
4. Promptly upon receipt of the Settlement Funds, Plaintiffs' counsel shall issue a check to Plaintiffs for $4,300.41 to be deposited in the Blocked Account;
5. No withdrawal of principal or interest may be made from the Blocked Account without a written order of this Court or another Court of competent jurisdiction, until J.D. reaches 18 years of age (i.e., on June 16, 2033); and
6. Once J.D. reaches 18 years of age, without further order from this Court or any other Court of competent jurisdiction, the depository shall pay by check or draft to J.D. all funds, including interest, in the Blocked Account.

This Report and Recommendation is respectfully submitted to the Honorable Ruth Bermudez Montenegro, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 17.1 and 72.1.

///
///

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **December 2, 2022**. Failure to timely object may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated: November 21, 2022

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge