**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.D., a minor, by and through her Guardian Ad Litem, Emine Demire; and ALI DEMIR, an individual,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation, and DOES 1 through 30,<br>　　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01124-RBM-BLM<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (Doc. 16);**<br><br>**(2) GRANTING EX PARTE MOTION TO CONFIRM MINOR'S COMPROMISE (Doc. 11);**<br><br>**(3) GRANTING JOINT SUPPLEMENTAL MOTION TO CONFIRM MINOR'S COMPROMISE (Doc. 13); AND**<br><br>**[Docs. 11, 13, 16]** |

## I.    BACKGROUND

On November 4, 2022, Plaintiff J.D., a minor by and through her Guardian Ad Litem, Emine Demire, and Ali Demir ("Plaintiffs") filed an Ex Parte Motion to Confirm Minor's Compromise ("Ex Parte Motion"). (Doc. 11.) On November 7, 2022, Magistrate Judge David D. Leshner ("Judge Leshner") issued an order requiring Plaintiffs to

supplement the Ex Parte Motion. (Doc. 12.) Plaintiffs and Defendant Costco Wholesale Corporation ("Defendant") (collectively, the "Parties") filed a Joint Supplemental Ex Parte Motion to Confirm Minor's Compromise on November 10, 2022 ("Supplemental Submission"). (Doc. 13.) On November 22, 2022 Judge Leshner issued a Report and Recommendation for Order Granting Ex Parte Motion to Confirm Minor's Compromise ("R&R"). (Doc. 16.) The R&R ordered any objections be filed by December 2, 2022. (*Id.* at 8.)

However, on December 1, 2022, Judge Leshner issued a Notice of Disclosure of Conflict of Interest ("Notice of Conflict"). (Doc. 18.) The Notice of Conflict explained that "[s]ubsequent to the issuance of the R&R, the undersigned became aware of a financial conflict of interest in the matter due to his ownership of stock in Defendant." (*Id.* at 1–2.) Thus, Judge Leshner ordered that by December 9, 2022 the Parties: (1) file an objection to the R&R based on the conflict, (2) file a motion to vacate the R&R and request the motion for approval of the minor's compromise be reassigned to a different magistrate judge, or (3) notify the Court, by filing a Notice of Non-Objection, that the party has no objections to the R&R and does not wish to have it vacated and/or reassigned. (*Id.* at 2.) On December 5, 2022, the Parties filed a Joint Notice of Non-Objection to Report and Recommendation. (Doc. 19.)

## II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) set forth the district court's duties concerning a magistrate judge's report and recommendation. The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommended disposition. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1) (West). Section 636 "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise" and "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). "When no

timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct. for N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974)).

### III.     CONCLUSION

Having reviewed the record in this case, the Court is satisfied that approval of the settlement with respect to the minor Plaintiff is warranted, and that there is no clear error on the face of the record or in Judge Leshner's R&R. Accordingly, the Court **ADOPTS** Judge Leshner's R&R (Doc. 16) in its entirety and **GRANTS** the Ex Parte Motion (Doc. 11) and Supplemental Submission (Doc. 13). The Court hereby **ORDERS** as follows:

1. Plaintiffs shall open an interest-bearing, federally insured blocked account in J.D.'s legal name (the "Blocked Account");

2. Not later than 30 days after the date of the District Court's Order granting the Ex Parte Motion, Defendant shall issue a check for $5,000.00 (the "Settlement Funds") payable to the "Gomez Trial Attorneys Trust Account" and shall deliver the Settlement Funds to Plaintiffs' counsel in person or by certified mail;

3. Plaintiffs must voluntarily dismiss the Action within 14 days of receiving the Settlement Funds from Defendant;

4. Promptly upon receipt of the Settlement Funds, Plaintiffs' counsel shall issue a check to Plaintiffs for $4,300.41 to be deposited in the Blocked Account;

5. No withdrawal of principal or interest may be made from the Blocked Account without a written order of this Court or another Court of competent jurisdiction, until J.D. reaches 18 years of age (i.e., on June 16, 2033); and

6. Once J.D. reaches 18 years of age, without further order from this Court or any other Court of competent jurisdiction, the depository shall pay by check or draft to J.D. all funds, including interest, in the Blocked Account.

///

1 **IT IS SO ORDERED**.

2 DATE:  December 9, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE